WO                                                                                                    MGD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Edward Lee Jones, Sr.,                    No. CV 18-04872-PHX-MTL (JZB)

    Plaintiff,

v.                                         **ORDER**

N. Wood, et al.,

    Defendants.

    Plaintiff Edward Lee Jones, Sr., who is currently confined in the Arizona State Prison Complex-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. Before the Court is a Motion entitled "Plaintiff's Emergency Motions for Injunction against the Arizona Department of Corrections officials/staff at SMU-1" (Doc. 58), which Plaintiff filed in four pending cases.[1]

    The Court will deny the Motion filed in this action.

**I.  Background**

    On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated First Amendment retaliation claims in Count One against Defendant Wood, in Count Two against Defendant Loreto, and in Count Four against Defendant Garcia, and a Fourteenth Amendment due process claim against Defendants Garcia and Rothlisberger in Counts

---

[1] Plaintiff also filed the Motion in CV 19-08055-PCT-MTL (JZB), CV 18-02034-PHX-MTL (JZB), and CV 18-01972-PHX-MTL (JZB).

Four and Five. (Doc. 32.) The Court dismissed the remaining claims and Defendants. (*Id*.)

II.     **Motion for Injunctive Relief**

In his "Emergency Motions for Injunction," Plaintiff requests an order from the Court ordering Sergeant Harris to "provide all of Plaintiff's legal boxes/legal books, for ADC to be directed not to take Plaintiff's legal boxes/legal books, . . . [and] for SMU1 officials to provide Plaintiff with indigent hygiene and access to proper forms to exhaust the grievance process." (Doc. 58 at 1.)

Plaintiff complains that between July 23, 2019 and November 7, 2019, "staff" at Rynning unit provided him "indigent" supplies only four times. (*Id.*at 2.) Plaintiff asserts that "in the last 12 months," Sergeant Harris and his subordinates have lost or wrongfully destroyed Plaintiff's property. (*Id.* at 2-3.) Plaintiff asserts that despite multiple requests, staff will not return his legal property and as a result he has been unable to respond to motions filed in this case and in CV 18-1972. (*Id.* at 4.) Plaintiff also states that "[p]risoners are being hindered from the grievance process." (*Id.* at 5.)

Defendants respond that Plaintiff arrived at ASPC-Eyman-SMU-1 on November 7, 2019 and received his property by no later than December 4, 2019. (Doc. 61 at 2.) Plaintiff had 6 legal boxes in his property, but prisoners are only allowed 3 boxes in their living area at any one time, and the excess boxes were placed in storage. (*Id*.) Plaintiff may request to exchange boxes from his housing area to receive boxes from storage, but Sergeant Harris has not received any written requests from Plaintiff for a legal box exchange. (*Id*.) Plaintiff did not file a reply or respond to Defendants' assertion that he had not submitted a written request to exchange his legal boxes.

A.      **Legal Standard**

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *see also Winter v. Natural Res. Def. Council, Inc.*, 555

U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

A court may issue an injunction against a non-party only where the non-party acts in active concert or participation with an enjoined party. Fed. R. Civ. P. 65(d)(2) (a preliminary injunction only binds those who receive actual notice of it by personal service or are parties, their officers, agents, servants, employees, and attorneys, and persons in

active concert); *see Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1984) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969).

**B.     Discussion**

As an initial matter, Plaintiff may not seek relief in multiple cases in one motion. To the extent Plaintiff wants relief related to a specific case, he may file a motion in each case in which he seeks relief and must specifically identify the relief he seeks related to that case.[2]  For instance, to the extent Plaintiff seeks relief related to confiscated legal materials, he must identify which legal materials were taken, who took them, when they were taken, the reason given for the confiscation, and the reason Plaintiff needs the legal materials.  If Plaintiff seeks relief from the Court in the form of an extension of time to respond to a specific motion, he must file a motion requesting an extension of time to respond and specifically describing the reasons he needs such an extension of time.

Moreover, Plaintiff's allegations are unrelated to the underlying claims pending in this action, and as a result, the Court lacks authority to grant Plaintiff the injunctive relief he requests.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction"); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint).  Likewise, Plaintiff's allegations do not concern any named Defendants and Plaintiff has made no showing that those named Defendants are involved in any of the actions that he complains about in his Motion seeking injunctive relief.

---

[2] If Plaintiff files a motion listing multiple case numbers in the future, the Court will strike the motion without further notice to Plaintiff.

With regard to his claims that he is being denied access to his legal materials and cannot respond to specific motions, Plaintiff can seek relief related to such claims. *See Prince v. Schriro, et al.*, CV 08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009) (unless a claim concerns access to the courts, the Plaintiff must show a nexus between the relief sought and the claims in the lawsuit). However, Plaintiff does not say what motions he has not been able to respond to or how his access to the court has been hindered. Moreover, in a motion filed in case CV 18-08055-PCT-MTL (JZB), which was filed after Plaintiff's "Motions for Injunction," Plaintiff stated that he received his legal boxes "containing all his civil cases" on "December 12, 2019." (Doc. 26 at 3 in CV 18-08055.) As such, it appears that any relief Plaintiff seeks relating to access to the courts is moot.

For all of the foregoing reasons, Plaintiff has failed to demonstrate that he is entitled to injunctive relief in this action and his Motion will be denied.

**IT IS ORDERED** that the reference to the Magistrate Judge is withdrawn as to Plaintiff's Emergency Motions for Injunction against the Arizona Department of Corrections officials/staff at SMU-1 (Doc. 58), and the Motion is **denied**.

Dated this 15th day of January, 2020.

Michael T. Liburdi
United States District Judge