**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Lee Jones, Sr., | No. CV-18-04872-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| N. Wood, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Edward Lee Jones' Motion for Plaintiff to be Unshackled During Trial (Doc. 177). Defendant Samantha Garcia filed a response in opposition (Doc. 179), and the motion is now ripe.

## I.

Plaintiff is an inmate currently confined in the Arizona State Prison Complex at Eyman, on convictions of child prostitution, pandering, and aggravated assault. Plaintiff brought this civil rights action, pursuant to 42 U.S.C. § 1983, for violations of his procedural due process rights arising out of the State's decision to move him to maximum custody. A jury trial on Plaintiff's procedural due process claim is scheduled to begin on March 21, 2022. At the Final Pretrial Conference held on March 11, 2022, the Court informed the parties that it was inclined to order that Plaintiff remain shackled during the trial. The Court ordered Plaintiff to file his objections, if any, in the form of a motion to remain unshackled. Plaintiff then filed in the instant motion, and Defendant responded.

## II.

Plaintiff argues, based on the Ninth Circuit's decision in *Claiborne v. Blauser*, 934 F.3d 885 (9th Cir. 2019), that shackling is unwarranted in this case and could unfairly prejudice the jury against him. In *Claiborne*, the Ninth Circuit held that an inmate may only be visibly shackled during a civil proceeding "when there is an 'individualized security determination' that 'take[s] account of the circumstances of the particular case." *Id.* at 895. The court further held that the two-pronged test for determining whether a criminal defendant may be shackled during a jury trial also applies in the civil context. *Id.* at 895–97. Thus, before an inmate may be shackled during a civil jury trial: (1) the trial court must be persuaded by compelling circumstances that the measure is necessary to maintain security; and (2) the court must pursue less restrictive alternatives before imposing physical restraints. *Id.* at 895.

"Compelling circumstances" may include a prisoner's underlying criminal convictions, custody status, disciplinary record, propensity for violence, potential flight risk, and history of unruly conduct. *See, e.g.*, *Wilson v. McCarthy*, 770 F.2d 1482, 1485 (9th Cir. 1985). While Plaintiff's status as a convicted felon, standing alone, does not justify ordering him to remain shackled during trial, *see Claiborne*, 934 F.3d at 895, the Court may consider the nature and seriousness of his convictions in determining whether physical restraints are necessary. *See Wilson*, 770 F.2d at 1485.

Plaintiff argues there is "no particular reason Mr. Jones must be shackled" here, because "there is nothing in Mr. Jones's [disciplinary] violations since his confinement in 2004 that would indicate that Jones, like Claiborne, would disrupt court proceedings, act disrespectfully in court, or attempt to escape." (Doc. 177.) Defendant, in response, argues that Plaintiff's contention is belied by his "lengthy record of major violent infractions—including staff assault." (Doc. 179 at 1.)

After careful consideration, the Court concludes that compelling circumstances justify physically restraining Plaintiff in this case. First, Plaintiff's underlying convictions are serious and, in the case of his aggravated assault convictions, are for violent offenses.

Second, Plaintiff's disciplinary record indicates that he could become dangerous and disruptive during proceedings. Since just since 2019, he has had eight disciplinary violations, including two "assaults on staff," one of which "involved serious injury." (Doc. 179-1 at 3.) Third, Plaintiff has admitted to being a member of a criminal street gang, which increases the risk that he may try to escape if not restrained. Fourth, Plaintiff has long-since been in high custody and is currently in maximum custody with a high internal risk score, indicating that he poses a genuine risk to ADCRR and court staff and to the public. For these reasons, the Court finds that restraining Plaintiff during the upcoming jury trial is warranted.

The Court will take steps, however, to mitigate any prejudice that could arise from Plaintiff being shackled. For instance, the Court will apply a table skirt to Plaintiff's table, concealing his restraints from the jury, and will ensure that Plaintiff approaches and departs the witness stand outside the jury's presence. Upon Plaintiff's request, the Court will also consider giving a mitigating jury instruction regarding Plaintiff's restraints, should such an instruction prove necessary. As Defendant notes, these measures will mitigate any potential prejudice and ensure Plaintiff's right to a fair trial while also providing for the safety of all those involved in trial proceedings.

**III.**

Accordingly,

**IT IS ORDERED denying** Plaintiff's Motion for Plaintiff to be Unshackled During Trial (Doc. 177).

Dated this 16th day of March, 2022.

Michael T. Liburdi
United States District Judge

- 3 -